# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**F I L E D**
June 24, 2011
Lyle W. Cayce
Clerk

No. 10-20556

In the Matter of: ANTELOPE TECHNOLOGIES, INC., doing business as MCC Computer Company,

                              Debtor

--------------------------------------

ANTELOPE TECHNOLOGIES, INC.,

                              Appellant

v.

JANIS LOWE; ALAN TAYLOR,

                              Appellees

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JUL 2 7 2011
David J. Bradley, Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-205

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Antelope Technologies, Inc. appeals the district court's affirmance of the bankruptcy court's order dismissing its Chapter 11 bankruptcy petition. We AFFIRM.

---

[*] The court has determined under 5TH CIR. R. 47.5 that this opinion should not be published and is not precedent except under the circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20556

## STATEMENT OF FACTS

Janis Lowe and Alan Taylor were minority shareholders of Antelope Technologies, Inc. In February 2005, a group of minority shareholders filed a derivative action against Antelope's controlling shareholders and others who were acting in concert with them. They alleged violations of the Lanham Act and of RICO, and a conversion of corporate assets. The defendants included the management and alleged insiders of Antelope: Thomas Lykos, Jr., Klaus Genssler, and Scaltech, Inc.

Two years later – while the shareholder litigation was still pending – Antelope filed a voluntary Chapter 11 petition, a proposed plan of reorganization, and a disclosure statement. Three minority shareholders objected to the plan: Stephen Guyer, Janis Lowe, and Alan Taylor. Finding their objections insufficient, the bankruptcy court entered an order confirming the debtor's plan of reorganization on November 21, 2007.

Lowe and Taylor appealed. The district court vacated the order, finding that the Chapter 11 petition did not appear to have been filed in good faith. It instructed the bankruptcy court on remand to "(1) hold a hearing on whether to appoint a Chapter 11 Trustee; and (2) make findings of fact on whether the Plan was proposed in good faith."

On remand, the bankruptcy court held an evidentiary hearing on whether Antelope's Chapter 11 petition was not filed in good faith and whether it should therefore be dismissed. The bankruptcy court found that the petition was filed to gain an advantage in the shareholder litigation rather than for a reorganization. The bankruptcy court reasoned that "although Lykos (and perhaps Genssler) saw an opportunity for growth of [Antelope]'s business through recapitalization, [Antelope]'s near-term capital needs were not so urgent as to cause the filing of a Chapter 11 petition at the time [Antelope]'s board authorized and directed Lykos to file it . . . , or for more than two years

thereafter." The court found support for its findings in the passage of time between the board's authorization to file the bankruptcy petition and the actual filing. Further support was found in the terms of the proposed plan, which had released Scaltech, Inc. and other insiders from the shareholder litigation, while at the same time giving Genssler, through Scaltech, Inc., control over Antelope.

The bankruptcy court dismissed the Chapter 11 petition. On appeal, the district court affirmed. Antelope timely appealed here.

## DISCUSSION

Antelope raises three points of error: (1) the bankruptcy court exceeded the scope of the district court's mandate on remand; (2) the Chapter 11 petition should not have been dismissed because of equitable mootness; and (3) the lack of good faith finding was not supported by the record.

In considering an appeal in a bankruptcy case, this court applies the same standard of review as did the district court: "the bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo." *In re Hickman*, 260 F.3d 400, 401 (5th Cir. 2001) (citation omitted). "A bankruptcy court's determination that a debtor has acted in bad faith is a finding of fact reviewed for clear error." *In re Jacobsen*, 609 F.3d 647, 652 (5th Cir. 2010). We will sustain that court's factual findings absent "a firm and definite conviction that the bankruptcy court made a mistake . . . ." *In re Cahill*, 428 F.3d 536, 542 (5th Cir. 2005) (quotation marks and citation omitted).

*I. Scope of Remand*

Antelope argues that the bankruptcy court exceeded the scope of the district court's mandate on remand. In its view, the mandate required the bankruptcy court to hold a hearing on the motion to appoint a trustee and make factual findings on whether the petition was filed in good faith. Antelope insists that the bankruptcy court instead dismissed the petition without making any factual findings. Lowe and Taylor argue there was no violation of the mandate,

but regardless, the issue was waived because it was not raised in the district court.

This argument was not well-presented to the district court, but we are loath to conclude that the issue was not preserved for our review. We conclude the bankruptcy court did not exceed the scope of the mandate. The district court's order indicated that the remand was for the general purpose of determining whether the petition was filed in good faith. Although all the ramifications of a determination of bad faith were not identified in the mandate, the bankruptcy court properly implemented the effect of its findings by dismissing Antelope's Chapter 11 petition.

*II. Equitable Mootness*

Antelope argues that the bankruptcy court's dismissal of its Chapter 11 petition was erroneous under the doctrine of equitable mootness. This doctrine "is a recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in reorganization actions." *In re Manges*, 29 F.3d 1034, 1038-39 (5th Cir. 1994). What is required is a balancing both of equitable considerations and the finality of judgments on the one hand with the right of a party to challenge an adverse bankruptcy order on the other. *Id.* at 1039. "When evaluating whether an appeal of a reorganization plan in a bankruptcy case is moot, this Court examines whether (1) a stay has been obtained, (2) the plan has been substantially consummated, and (3) the relief requested would affect either the rights of parties not before the court or the success of the plan." *In re GWI PCS 1 Inc.*, 230 F.3d 788, 800 (5th Cir. 2000) (citation omitted).

Antelope argues that equitable mootness should have precluded the bankruptcy court from dismissing its petition because Lowe and Taylor did not obtain a stay pending appeal of confirmation and the plan has been substantially consummated. It further maintains that the rights of third parties, such as

4

employees, tradespeople, and creditors will be affected because it has continued to operate as a reorganized, ongoing business since the confirmation and it has developed relationships with such parties in reliance on the confirmation.

A fully-implemented plan of reorganization "should be disturbed only for compelling reasons . . . ." *In re Manges*, 29 F.3d at 1039 n.6 (quoting *Rochman v. Ne. Util. Serv. Group (In re Public Serv. Co)*, 963 F.3d 469, 471-72 (1st Cir. 1992)). Although the plan was substantially consummated, the bankruptcy court found the petition was filed for an improper purpose. There is a compelling interest in refusing to apply equitable mootness when the petition was not filed in good faith. The bankruptcy court struck a proper balance among the interests of finality, equity, and reviewability of judgments.

*III. Lack of Good Faith in Filing*

Antelope contends there was no evidence of bad faith in the record, but instead there was substantial evidence the Chapter 11 petition was filed in good faith. It insists the claim of bad faith arose from unproven allegations by Lowe and Taylor of fraud, mismanagement, and self-dealing.

A bankruptcy court may dismiss a Chapter 11 petition if the court determines that it was not filed in good faith. *In re Humble Place Joint Venture*, 936 F.2d 814, 816-17 (5th Cir. 1991). The bankruptcy court held an evidentiary hearing on the issue of possible bad faith, then entered its order detailing its factual findings and dismissing Antelope's Chapter 11 petition.

On appeal, the district court wrote a thorough opinion examining the facts in the record. We will not repeat those findings. We are satisfied, largely for the reasons stated by the district court, that there was no clear error in the finding that the purpose of the petition was not primarily to reorganize or respond to financial crisis but instead was to gain unfair advantage in the shareholder derivative action. AFFIRMED.